**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DEVON ENERGY PRODUCTION
COMPANY, L.P.,

      Plaintiff,                                                   Case No. 1:10-cv-00665-JAP-RLP

vs.

MOSAIC POTASH CARLSBAD, INC., a Delaware
Corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEVON ENERGY
PRODUCTION CO.'S RULE 59(e) MOTION**

On November 16, 2010 Plaintiff Devon Energy Production Co., L.P. (Devon) filed its Opposed Rule 59(e) Motion and Brief to Alter or Amend the Court's Order Dismissing Plaintiff's Complaint (Doc. No. 17) (Rule 59(e) Motion). In its Rule 59(e) Motion, Devon asserts that the Court's October 19, 2010 Memorandum Opinion and Order (Doc. No. 15) should be vacated. Shortly after filing its Rule 59(e) Motion, Devon filed Plaintiff's Supplemental Brief to its Opposed Rule 59(e) Motion (Doc. No. 18) asserting that a 2005 United State's Supreme Court decision supports Devon's position. On November 29, 2010 Defendant Mosaic Potash Carlsbad, Inc. (Mosaic) filed Defendant's Response to Plaintiff's Opposed Rule 59(e) Motion and Brief to Alter or Amend the Court's Order Dismissing Plaintiff's Complaint (Doc. No. 19) and, on December 13, 2010 Devon filed its Reply (Doc. No. 20). Having considered the arguments of both parties, the Court concludes that Devon's Rule 59(e) Motion should be denied.

## BACKGROUND

Devon is a corporation involved in oil and gas production. Mosaic is a corporation involved in potash mining. Both parties apparently have leases to engage in their respective operations within the "Potash Area," an area comprising approximately 497,000 acres in Eddy County and Lea County New Mexico that is managed by the Bureau of Land Management (BLM). Management of the Potash Area is governed by a 1986 Secretarial Order (1986 Order), issued under the Mineral Leasing Act (MLA), that outlines procedures for leasing land within the Potash Area and regulates drilling and mining within the Potash Area. *See* 51 Fed. Reg. 39425 (October 28, 1986). The 1986 Order prohibits drilling "for oil and gas at a location which, in the opinion of the authorized officer, would result in undue waste of potash deposits or constitute a hazard to or unduly interfere with mining operations being conducted for the extraction of potash deposits" and requires an oil and gas lessee to establish that "drilling will not interfere with the mining and recovery of potash deposits" before the lessee can drill in the Potash Area. *Id.* at III(A)(1)-(2). With respect to potash mining within the Potash Area, the 1986 Order provides that "no mining or exploration operations shall be conducted that, in the opinion of the authorized officer, will constitute a hazard to oil or gas production, or that will unreasonably interfere with orderly development and production under any oil or gas lease issued for the same lands." *Id.* at III(C)

Devon filed an application for a permit to drill the "Apache 25 Federal 16 Well" (Apache Well) at a location in the Potash Area on March 17, 2005. On March 22, 2005, the BLM denied Devon's application but advised Devon that an alternative location between two existing wells could be approved. Devon amended its application to reflect the new location and, on September 9, 2005, Devon's application to drill at the new location identified by the BLM was

approved. After the well was approved, a Devon representative met with a contractor and identified the location to be drilled as the original site requested by Devon, not the alternative location identified and approved by the BLM.  As a result of this mistake, the Apache Well was drilled at the location that the BLM had specifically disapproved. This mistake was not discovered until February 2006, after drilling had been completed.  Devon notified the BLM of the mistake and requested approval of the well site as drilled.  After receiving Devon's request, the BLM performed an environmental assessment, which was posted on the BLM's website, and on March 26, 2006 the BLM approved the Apache Well.

In June 2006, Mosaic sent a letter to Devon advising that Devon's placement of the Apache Well in the wrong location wasted Mosaic's mineable potash in the area.  Mosaic contended that it was entitled to compensation for the potash wasted by Devon's drilling. Mosaic initially estimated the market value of its loss at twenty-six million dollars, but later reassessed its loss at one-hundred-sixty million dollars due to changed market conditions.  (Doc. No. 9-1, Exs. G and I). Over the course of the next four years, the parties engaged in discussions regarding Devon's liability and Mosaic's damages stemming from the drilling of the Apache Well.  On July 16, 2010 Devon informed Mosaic that the parties had reached an impasse and Devon filed a Complaint For Declaratory Relief Pursuant To Fed. R. Civ. P. 57 (Doc. No. 1) (Complaint) seeking a declaration that (1) "federal law has completely pre-empted all oil and gas and potash operations and activities with regard to the location and drilling of oil and gas wells and mining operations on the lands and leases involved in this controversy, and (2) that the only remedies available to [Defendant Mosaic Potash Carlsbad, Inc.] are the federal administrative and judicial remedies under the Administrative Procedure Act and the Secretary of the Interior's 1986 Order."

In its Complaint, Devon alleged that Mosaic intended to sue Devon for money damages under state-law and that state-law is completely preempted by the MLA and the 1986 Order such that the only remedies available for disputes related to drilling in the Potash Area are the "federal administrative and judicial remedies under the Administrative Procedure Act" (APA) and the 1986 Order.  Devon sought a declaratory judgment that federal law completely preempts Mosaic's state-law claims.  Mosaic then filed Defendant's Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. No. 9) (Motion to Dismiss).  In its Motion, Mosaic argued that the Court did not have jurisdiction over Devon's declaratory judgment action because "the Complaint fails to assert a federal question and because it fails to present a justiciable case or controversy."  Motion to Dismiss at 10.  Specifically, Mosaic argued that the Court did not have jurisdiction because none of the federal laws cited by Devon completely preempted state-law. The Court agreed with Mosaic's jurisdiction argument and dismissed Devon's Complaint for lack of federal question jurisdiction.  *See* October 19, 2010 Memorandum Opinion and Order at 13.

Shortly after the Court entered its October 19, 2010 Memorandum Opinion and Order, Mosaic made good on its alleged intentions and filed a "Complaint for Negligence and Trespass" (State Court Complaint) (Doc. No. 17-1) in state court asserting claims against Devon for trespass, negligence, and prima facie tort. In addition to receiving Mosaic's State Court Complaint, Devon received documentation from the BLM in response to a Freedom of Information Act (FOIA) request (FOIA Response) that explained in detail the BLM's approval of the Apache Well.  As a result of Mosaic's State Court Complaint and the FOIA Response, Devon filed its Rule 59(e) Motion, arguing that the State Court Complaint and FOIA Response constitute newly discovered evidence that requires the Court to vacate its October 19, 2010

Memorandum Opinion and Order.  Devon also argues that the Court's October 19, 2010 Memorandum Opinion and Order is contrary to law because Mosaic's state-law claims arise under federal law. In its Response, Mosaic counters that Devon's Rule 59(e) Motion was improper because the State Court Complaint and the FOIA Response were not "newly discovered evidence" and the Court's October 19, 2010 Memorandum Opinion and Order is not contrary to law.

## DISCUSSION

### I.  Devon's Rule 59(e) Motion is Improper

Rule 59(e) motions can be granted under three circumstances: 1) when there has been an "intervening change in the controlling law;" (2) when new evidence has been discovered that was previously unavailable; and (3) to "correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *See also  Phelps v. Hamilton*, 122 F.3d 1309 (10th Cir. 1997) (noting that "[a] Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence" (quotation marks omitted)). "Thus, a [Rule 59(e) motion] is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* While "Rule 59(e) permits a court to alter or amend a judgment, . . . it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 485 n.5 (2008) (quotation marks omitted). It is thus "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012.  Devon asserts that its Rule 59(e) Motion should be granted on the basis of newly discovered evidence and to correct clear error or prevent manifest injustice.

5

**A. Newly discovered evidence**

In order to supplement a Rule 59(e) motion with newly discovered evidence, "the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time [the judgment was entered], that counsel made a diligent yet unsuccessful attempt to discover that evidence." In addition, an implicit requirement of the newly discovered evidence prong of Rule 59(e) is a requirement that the evidence be "new." Devon contends that after the Court entered its October 19, 2010 Memorandum Opinion and Order, Devon discovered two pieces of new evidence indicating that Mosaic's claims actually arise under federal law: (1) Mosaic's State Court Complaint that, according to Devon, raises an issue of federal law; and (2) the BLM's FOIA Response that shows that the BLM concluded that Devon's drilling was authorized and that Devon had not wasted any potash deposits. Contrary to Devon's assertions, neither of these documents constitutes newly discovered evidence.

With respect to Mosaic's State Court Complaint, Devon asserts it constitutes newly discovered evidence because it was not served until after the Court entered its October 19, 2010 Memorandum Opinion and Order. Mosaic argues, however, that while Devon may not have had a copy of Mosaic's State Court Complaint prior to the October 19, 2010 Memorandum Opinion and Order, the evidence in the State Court Complaint is not "new" because the parties and the Court predicted that Mosaic would file a claim asserting that Devon was not authorized, under the 1986 Order, to drill without the BLM's prior approval. The Court agrees with Mosaic.

As Mosaic points out, there is nothing in Mosaic's State Court Complaint that the Court did not consider in its October 19, 2010 Memorandum Opinion and Order and the State Court Complaint is therefore not "new" evidence. The parties, and the Court, predicted that Mosaic would file a complaint in state court on the basis of Devon's act of drilling without the

permission of the BLM. That Mosaic ultimately did file such a complaint is not "new" evidence given that the parties accurately predicted the nature of Mosaic's claims and the Court considered the nature of those claims in its October 19, 2010 Memorandum Opinion and Order. Because the parties were aware that Mosaic would allege that Devon drilled without authorization, and because the 1986 Order is the law that requires Devon to obtain authorization, the fact that Mosaic cites the 1986 Order in its State Court Complaint is not "new" evidence as the parties were well aware that Mosaic would claim that Devon acted without the authorization required by the 1986 Order. Because the parties accurately predicted the nature of Mosaic's state-law claims, the specific details of Mosaic's State Court Complaint do not amount to new evidence for purposes of Rule 59(e).

Similarly, the information that Devon received from the BLM is not newly discovered evidence for purposes of Rule 59(e). Devon focuses on two pieces of information in the BLM's FOIA Response that Devon believes constitute "new" evidence—a conclusion that the Apache Well did not waste potash and a finding that Devon's entry onto the land was authorized. Contrary to Devon's argument, this information is not "new" evidence. Prior to the Court's October 19, 2010 Memorandum Opinion and Order, the parties were aware that the BLM had ultimately approved the Apache Well. The parties were also aware that, under the 1986 Order, the BLM must find that potash will not be wasted before approving a well. The fact that the BLM found there was no waste of potash is thus implicit in the BLM's approval of the well. The information in the BLM's FOIA Response documenting that the BLM found that the Apache Well did not waste potash and that Devon was authorized to drill is therefore not "new" evidence.

Further, as Mosaic points out in its Response, the underlying facts in this case are not in

dispute. The BLM denied Devon's application to drill the Apache Well at the location Devon requested, Devon drilled the well at that location anyway, and the BLM ultimately approved the well at that location. That the details of the BLM's decision making process were previously unknown does not alter the ultimate decisions that the BLM made. Thus, even if the Court were to consider the "newly discovered evidence" that Devon has proffered about the BLM's decision making process, this would not alter the Court's October 19, 2010 Memorandum Opinion and Order.

**B. Clear Error or Manifest Injustice**

Devon next argues that its Rule 59(e) Motion should be granted "to prevent the manifest error of law that Mosaic's trespass claim does not arise under federal law." Rule 59(e) Motion at 4. According to Devon, "a party asserting a trespass claim must show an unauthorized entry on [the party's] land and this determination can only be made by a showing that the BLM authorization was contrary to the law vesting it with exclusive authority and jurisdiction." *Id.* Devon contends that in order to resolve Mosaic's trespass claim, the state court would be required to first "resolve the substantial federal question of whether the BLM properly interpreted and applied the 1986 Order when it approved of the Apache Well and authorized Devon's entry onto the land, or whether Devon's entry onto federal land was unauthorized and constituted a trespass as Mosaic claims." *Id.*

Before the Court entered its October 19, 2010 Memorandum Opinion and Order, Devon, in its Response to Mosaic's Motion to Dismiss, primarily argued that the Court had jurisdiction because Devon believed that federal law completely preempted state-law with respect to claims arising from the Potash Area. The Court rejected this complete preemption argument and Devon does not challenge the Court's ruling. Devon also argued, however, that the Court had

jurisdiction because "Mosaic's claims for monetary damages rest on a substantial proposition of federal law: whether the BLM properly approved of the Apache Well." Response to Motion to Dismiss at 3. Devon explained that "under the concurrent development scheme [within the Potash Area] Mosaic's rights are only violated if it is determined that the BLM's decision [to approve the Apache Well] was improper." In its Response to Mosaic's Motion to Dismiss, Devon did not cite any authority in support of its argument nor did it explain in any detail its assertion that Mosaic's claims arose under federal law. The Court disagreed with Devon's position and, in its October 19, 2010 Memorandum Opinion and Order, concluded that Mosaic's claims do not arise from federal law because the BLM's approval of the Apache Well occurred *after* Devon had already drilled the well and the BLM's approval was "at most . . . only a defense to Mosaic's state-law claims." Memorandum Opinion and Order at 12.

Now, in its Rule 59(e) motion, Devon makes a more extensive argument that Mosaic's state-law claims arise from federal law. Devon asserts that in order to prove its trespass claim, Mosaic is required to show that Devon illegally entered Mosaic's property and that "this determination can only be made by a showing that the BLM authorization was contrary to the law vesting it with exclusive authority and jurisdiction." Rule 59(e) Motion at 5. In its Supplemental Brief, Devon, for the first time, cites authority for its position that Mosaic's claims arise under federal law, delineates the United States Supreme Court's articulation of a test to determine when a claim arises under federal law, and attempts to demonstrate how Mosaic's state-law claims satisfy the elements of that test. *See* Supplemental Brief at 3. According to Devon, Mosaic has admitted that its claims arise under federal law because, in its State Court Complaint, Mosaic alleges that the 1986 Order required Devon to obtain the BLM's approval prior to drilling the well. Because Mosaic references the 1986 Order in its State Court

9

Complaint, Devon contends that Mosaic's claims arise under federal law and that the "Court must resolve the substantial federal question of whether the BLM properly interpreted and applied the 1986 Order when it approved of the Apache Well and authorized Devon's entry onto the land, or whether Devon's entry onto federal land was unauthorized and constituted a trespass as Mosaic claims." Rule 59(e) Motion at 4.

This argument, however, is merely a recharacterization of the argument Devon made in its Response to Mosaic's Motion to Dismiss that a federal question exists because the Court must consider whether the BLM acted properly in approving the Apache Well. The Court already considered and rejected this argument in its October 19, 2010 Memorandum Opinion and Order. Because Devon is simply rearticulating the same argument that it raised, but did not expound upon or support with any authority, in its Response to Mosaic's Motion to Dismiss, Devon is doing exactly what the United States Supreme Court has expressly noted to be impermissible under Rule 59(e)—attempting to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 485 n.5 (2008). Thus, Devon's Rule 59(e) Motion is improper under Rule 59(e).

Despite Devon's apparent misuse of Rule 59(e), the Court will nonetheless briefly address Devon's arguments in light of Devon's assertion that the Court's October 19, 2010 Memorandum Opinion and Order is contrary to law. The Court does this even though Devon appears to merely be using Rule 59(e) to fully develop an argument that it mentioned only in passing in its initial briefing on this issue in its Response to Mosaic's Motion to Dismiss.

**II. Mosaic's Claims Do Not Arise Under Federal Law**

Under 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions

arising under the Constitution, laws, or treaties of the United States." "A case arises under federal law within the meaning of §1331 . . . if a well-pleaded complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quotation marks and alteration omitted). Devon relies on the "resolution of a substantial question of federal law" prong to claim that this Court has jurisdiction.

Devon asserts that Mosaic's claims arise under Federal law because in order to determine whether Devon's actions were unlawful, the state court would first have to consider the substantial federal question of whether the BLM's approval of the Apache Well authorized Devon's entry onto the land. The United States Supreme Court has specified that when determining whether a claim arises under federal law, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 544 U.S. 308 (2005). This test must yield, however, to the well-pleaded complaint rule which only permits federal jurisdiction when the "plaintiff's statement of his own cause of action shows that it is based on federal law." *Turgeau v. Administrative Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006). Thus, Devon must demonstrate that Mosaic's statement of its state-law causes of action raises a federal issue that is actually disputed and substantial.

Both parties appear to agree that all of Mosaic's state-law claims share the essential element that Devon acted without authorization when it drilled the Apache Well. Devon asserts, however, that Mosaic's state-law claims raise a substantial and disputed federal issue because

11

the claims require the state court to determine whether the BLM properly approved of Devon's drilling.  Devon asserts that the parties dispute whether the BLM's approval of the well after it had been drilled authorized Devon's earlier act of drilling the well and Devon contends that this is a substantial federal issue because the BLM has a strong interest in its own interpretation of the 1986 Order. Mosaic retorts that there is no substantial federal question in dispute because the BLM did not approve the Apache Well until *after* Devon had already finished drilling and the BLM's actions therefore have no bearing on whether Devon had permission to drill at the time that it drilled the Apache Well.

     The 1986 Order provides that "[d]rilling for oil and gas shall be permitted only in the event that the lessee establishes to the satisfaction of the authorized officer, Bureau of Land Management, that such drilling will not interfere with the mining and recovery of potash deposits, or the interest of the United States will best be served by permitting such drilling." 51 Fed. Reg. 39425. In its State Court Complaint, Mosaic asserts that Devon's drilling was unlawful because the BLM had expressly disallowed drilling at the Apache Well location and Devon therefore did not have permission, as required by the 1986 Order, to drill the well.  Devon does not dispute that the 1986 Order requires a driller to obtain the BLM's approval prior to drilling, and Devon does not dispute that it did not have the BLM's authorization to drill before it drilled the Apache Well. Thus, contrary to Devon's assertion, there is no disputed issue of federal law that must be resolved before the state court can reach the merits of Mosaic's complaint.  While Mosaic's State Court Complaint certainly references federal law and points to a violation of federal law, there is no actual dispute over the meaning of the federal law such that Mosaic's claims can be said to arise under federal law.

     In *Grable*, a substantial disputed issue of federal law existed because resolution of the

state-law claims required the court to interpret a notice provision in federal tax law. *Id.* at 310. The Supreme Court explained that whether notice had been given within the meaning of the federal statute was an essential element of the underlying state quiet title claim and that the parties actually disputed whether the federal statute required personal service of notice or if notice by certified mail was sufficient. Because the interpretation of the federal statute was an essential element of the state-law claims, those claims could not be resolved without first resolving the disputed federal law. Here, in contrast, Devon does not dispute that the 1986 Order required Devon to obtain permission from the BLM before it drilled the Apache Well nor does Devon assert that it had permission at the time that it drilled the Apache Well. Thus, there is no disputed issue of federal law that must be resolved for Mosaic's state-law causes of action to proceed.

Despite the lack of a disputed federal issue in Mosaic's state-law causes of action, Devon attempts to fabricate a dispute over federal law by asserting that the BLM's approval of the well after it had been drilled authorized the initial act of drilling the well. However, Devon does not explain how the BLM's approval of the Apache Well *after* Devon had already drilled affects Devon's admitted failure to obtain authorization prior to drilling. Under New Mexico law, "[e]very unauthorized entry upon the land of another is a trespass which entitles the owners to a verdict for some damages." *North v. Public Service Co. of New Mexico*, 94 N.M. 246, 247, 608 P.2d 1128, 1129 (Ct. App. 1980). Devon does not dispute that it did not have authorization at the time that it drilled the well. Thus, there is no disputed and substantial issue of federal law on which Mosaic's state-law causes of action depend. While the BLM's post-drilling approval of the Apache Well may provide a federal defense to Mosaic's state-law causes of action, a federal defense to a state-law claim is insufficient to confer federal question jurisdiction on the Court.

*See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (noting that federal defenses do "not appear on the face of a well-pleaded complaint, and, therefore, do[] not authorize removal to federal court").

Because Mosaic's claims do not require the resolution of a disputed and substantial issue of federal law, the Court concludes that Mosaic's claims do not arise from federal law.

## III.  The Administrative Procedure Act Does Not Provide Mosaic With a Private Cause of Action

In addition to arguing that the Court erred in concluding that Mosaic's claims do not arise under federal law, Devon asserts that the Court erred in concluding that the Administrative Procedure Act (APA) does not provide Mosaic with a private cause of action. In addressing whether federal law completely preempted state law with respect to disputes arising in the Potash Area, the Court noted that Congress did not express an intent to create a federal cause of action for disputes within the Potash Area and that the complete preemption doctrine therefore did not apply. *See* October 19, 2010 Memorandum Opinion and Order at 8-10. The Court rejected Devon's argument that the APA created a private right of action because the APA only permitted Mosaic to challenge the BLM's post-drilling approval of the Apache Well, not Devon's act of drilling the well without approval. The Court explained that "the availability of an administrative remedy against the BLM has no bearing on whether Mosaic's state law claims against Devon have been completely supplanted by a private federal cause of action." *Id.* at 9.

In its Rule 59(e) Motion, Devon contends that "under the manifest law, Mosaic could have brought a private action under the [APA] disputing the BLM's decision that authorized Devon's entry on the land and approved of the drilling of the Apache Well." Devon does not, however, address the Court's conclusion that the APA does not provide Mosaic with a private

14

right of action to challenge *Devon's* act of drilling the well in the first place. Thus, Devon is simply making the same argument in its Rule 59(e) Motion that it made in its Response to Mosaic's Motion to Dismiss. Because Devon has not directed the Court to any authority to suggest that the Court erred in concluding that the APA does not provide a private right of action against Devon, the Court rejects Devon's assertion that the Court erred in concluding that the APA does not provide Mosaic with a private right of action. As the Court explained in its October 19, 2010 Memorandum Opinion and Order, the APA may well give Mosaic an administrative remedy to challenge the action taken by the BLM, but the existence of an administrative remedy against the BLM has no bearing on whether Mosaic has a remedy for the actions taken by Devon.

Because Devon has failed to demonstrate that Mosaic's claims arise under federal law or that federal law created a private right of action against Devon for its act of drilling the Apache Well, the Court concludes that its October 19, 2010 Memorandum Opinion and Order is not contrary to manifest law and that Devon's Rule 59(e) Motion should be denied.

IT IS ORDERED THAT Plaintiff Devon Energy Production Company, L.P.'s Rule 59(e) Motion and Brief to Alter or Amend the Court's Order Dismissing Plaintiff's Complaint (Doc. No. 17) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE